# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NADOLSKI,<br><br>                               Plaintiff,<br>   vs.<br>MARY WINCHESTER, et al.,<br><br>                               Defendants. | CASE NO. 13-CV-2370-LAB-DHB<br><br>**ORDER ON MOTION TO DISMISS** |

Plaintiff Joseph Nadolski alleges that his constitutional rights were violated during a dispute in family court, and he has sued a number of parties under 42 U.S.C. § 1983 whom he believes are responsible. Now before the Court are their motions to dismiss.

**I.     Introduction**

On August 22, 2012, Nadolski's ex-wife obtained a TRO against him in San Diego Superior Court. The TRO, which was issued by Defendant Judge Gregory Pollack, restricted Nadolski's contact with his ex-wife and two children. It also required him to surrender his firearms. Nadolski's claims arise out of his dissatisfaction with this TRO.

Nadolski alleges that during the TRO hearing Defendant Victoria Rothman, who was the attorney for Nadolski's ex-wife, and Defendant Mary Winchester, who was an investigator for Defendant Department of Health and Human Services (HHS), provided "false and histrionic" testimony that led to the TRO being granted. (Compl. ¶ 28.) Nadolski also alleges

that, prior to the hearing, a mediator who Nadolski has identified as John Doe interviewed the children and helped prepare false and unethical declarations.

Nadolski also alleges that HHS's investigation of alleged child abuse wasn't thorough. Winchester conducted the investigation, and Defendants Asoera and Weathersby supervised her. Nadolski maintains that their supervision was insufficient, and that Defendant Nick Macchione, the Director of the Department of Health and Human Resources, failed to staff the Department with competent investigators. Finally, he claims that "The Superior Court of California, San Diego County also did not provide the Plaintiff with the same resources it provides to protect Plaintiff's constitutional rights the court deprived him of, but provided resources to aid in violating those rights." (Compl. ¶ 2.) Nadolski doesn't specify how the court's resources were unfairly distributed.

On September 11, 2012, Judge Pollack conducted a second hearing and concluded that a permanent restraining order wasn't necessary.  Nadolski's jumble of allegations also include that another judge, Defendant Judge Trentacosta, violated his constitutional rights, but he never explains how or identifies what role Judge Trentacosta played in the TRO process. (Compl. ¶ 49.)

**II.   Legal Standard**

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The Court must accept all factual allegations as true and construe them in the light most favorable to Nadolski. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  To defeat the Defendants' motions to dismiss, Nadolski's factual allegations needn't be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "some threshold of plausibility must be crossed at the outset" before a case can go forward.  *Id.* at 558 (internal quotations omitted).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Nadolski's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 556 U.S. at 678. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Nor does it suffice if it contains a merely formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Because Nadolski is proceeding *pro se*, the Court construes his pleadings liberally, and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Of course, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**III.   Discussion**

Nadolski claims that, by their actions, each Defendant violated his constitutional rights under § 1983. Three separate motions to dismiss have been filed. The first is from Judge Pollack, Judge Trentacosta, and the California Superior Court. They argue that Nadolski's claims are barred by the *Rooker-Feldman* Doctrine, and that they are immune from suit. The second motion to dismiss is from HHS, Winchester, Asoera, Macchione, Weathersby, and San Diego County. They also argue that Nadolski's claim is barred by the *Rooker-Feldman* Doctrine, and also that he has failed to plead a sufficient cause of action under § 1983. The final motion to dismiss is from Rothman, who makes the same two arguments.

The Court finds three problems with Nadolski's claims. First, the claims are inadequately pled. All that is clear from Nadolski's complaint is that he believes the issuance of the TRO violated his rights. The problem might be corrected with an amended complaint, but that leads to a discussion of the other two problems. These are: (1) that his claims are barred by the *Rooker-Feldman* doctrine; and (2) that Judge Pollack, Judge Trentacosta, and

the California Superior Court enjoy immunity from being sued on account of their judicial functions.

### A.     Failure to Plead a Sufficient Cause of Action Under 42 U.S.C. § 1983

Nadolski alleges that the Defendants "violated his constitutional rights under the color of law." (Compl. ¶ 2.) The claim lacks specificity. Section 1983 is not a source of substantive rights. Rather, it creates liability for those who deprive another of rights or privileges secured by the U.S. Constitution or federal law while acting under the color of state law. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1992).

In this case, Nadolski has vaguely alleged that his Second, Fourth, Fifth, and Fourteenth Amendment rights were violated, but it's unclear how he arrives at those claims from his factual contentions, namely that Winchester and Rothman made false and damaging statements, that The Department of Health and Human Services has a generally inadequate investigations process, and that the Superior Court did not provide him with the same resources that it provided to others. His complaint fails to make the connection. The claims he alleges against each Defendant simply re-allege and incorporate by reference the preceding facts and then state ""Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against [Defendant] for violation of his constitutional rights under color of law." This is conclusory form language that is insufficient for pleading purposes. *Iqbal*, 556 U.S. 662 at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Even if the Court disregards the conclusory nature of Nadolski's claims, and instead attempts to piece his claims together for him, the facts that Nadolski alleges are similarly conclusory and unsupported. For instance, Nadolski explains that Defendant Winchester sent him a letter indicating that the charge of general abuse against him was substantiated, but that the letter was silent about the other charges against him that were investigated. (Compl. ¶ 31.) Nadolski claims that this indicates "clearly Ms Winchester continues to abuse her power. She clearly is trying to falsely testify or mislead the court in this case and

continues to infringe on the constitutional rights of this family." (Compl. ¶ 31). But that doesn't logically follow. Nadolski has simply arrived at the legal conclusion that Winchester intentionally misled the family court and infringed upon the constitutional rights of him and his family without providing a clear factual basis for the charge. Similarly, Nadolski's assertion that "The Superior Court of California, San Diego County also did not provide the Plaintiff with the same resources it provides to protect Plaintiff's constitutional rights the court deprived him of, but provided resources to aid in violating those rights" is completely bare. (Compl. ¶ 2.) Nadolski offers no facts that explain what resources he was denied, or how the resources he was given were comparatively inadequate.

Even if Nadolski alleged a more robust set of facts, his claims would still be problematic. For example, there is no legal remedy available to Nadolski for his claims that Defendants Rothman and Winchester testified falsely, because a "false testimony" constitutional claim does not exist under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 327 n.1 (1983) ("The Court . . . has not held that the false testimony of a police officer in itself violates constitutional rights."). Furthermore, the claim that HHS has an inadequate investigations process also presents no clearly cognizable constitutional violation.

In sum, the Court agrees that Nadolski's claims are inadequately pled, which subjects them to dismissal under Fed. R. Civ. P. 12(b)(6).

### B.   *Rooker-Feldman* Doctrine

Were the Court to give Nadolski leave to amend his complaint to correct the noted deficiencies, there is still a larger, jurisdictional problem. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to hear what are in essence appeals from state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus Corp.*, 544 U.S. 280, 283-84 (2005); *Cooper v. Ramos,* 704 F.3d 772, 778 (9th Cir. 2012) ("It is a forbidden de facto appeal from state-court judgment, under *Rooker–Feldman* doctrine, when plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."). Furthermore, If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the

adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws, then the federal complaint must be dismissed for lack of subject matter jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). This doctrine even applies when the challenge to the state court's decision involves federal constitutional issues. *Robinson v. Ariyoshi*, 753 F.2d 1468, 1471–72 (9th Cir.1985).

In this case, Nadolski seeks damages and injunctive relief based on the outcome of proceedings in San Diego Superior Court. This falls squarely into the jurisdictional prohibition of *Rooker-Feldman*. It is well-established that when a plaintiff brings a claim to federal court that challenges the outcome of proceedings in family court, such a claim is barred by the doctrine. *See Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) (holding that a mother's constitutional claims attacking a custody decision made in state court were barred by the *Rooker-Feldman* doctrine); *Mellema v. Washoe County Dist. Atty*, 2012 WL 5289345 at *2 (E.D. Cal. Oct. 23, 2012) (holding that a plaintiff's claims against the county seeking cancellation of child support payments and a reversal of a custody decision in state court were barred by the *Rooker-Feldman* doctrine); *Prater v. City of Philadelphia Family Court*, 2014 WL 2700095 at *2 (3d Cir. June 16, 2014) (holding that a father's claims against the family court that refused to give him custody of his child were barred by the *Rooker-Feldman* doctrine); *Stratton v. Mecklenburg County Dept. of Social Services*, 521 F. App'x. 278, 292 (4th Cir. 2013) (holding that the plaintiff's constitutional claims were, in essence, an attempt to reverse the state court decision that required him to relinquish custody of his children, and thus were barred by the *Rooker-Feldman* doctrine). Nadolski's claims are a similar attempt to challenge, here in federal court, an adverse family court ruling in state court. These claims are barred by the *Rooker-Feldman* doctrine.

**C.  Eleventh Amendment and Judicial Immunity**

In additional to Nadolski's claims being barred by the *Rooker-Feldman* doctrine, the claims against the California Superior Court, Judge Pollack, and Judge Trentacosta are barred due to their immunity.

//

The Eleventh Amendment bars lawsuits against an arm of the state under principles of sovereign immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). California superior courts are classified as arms of the state, and therefore are protected by this immunity. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Greater Los Angeles Council of Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

Judicial officers are also, for the most part, immune from civil liability for acts performed in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam); *Mullis v. United States. Bankr. Ct.*, 828 F.2d, 1385, 1394 (9th Cir. 1987). A judge can be considered to be acting in his judicial capacity when the act is a function normally performed by a judge, and the plaintiff dealt with the judge in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The only situations in which this immunity does not apply are when the judge's actions are (1) nonjudicial; or (2) judicial in nature, but taken in the complete absence of jurisdiction. In this case, Nadolski dealt with Judge Pollack solely in his judicial capacities at the family court proceedings. It is unclear from the complaint what the nature of Judge Trentacosta's actions were that caused Nadolski dissatisfaction, but the Court will assume that any dealings between Nadolski and Judge Trentacosta were solely judicial. Judicial immunity, therefore, bars Nadolski's claims against Judge Pollack and Judge Trentacosta.

**D.    Second Amendment Claim**

Nadolski, in his prayer for relief, seeks a finding that the "Lautner" Amendment, which presumably means the Lautenberg Amendment, is unconstitutional. The Lautenberg Amendment bans possession of firearms by individuals who have had a restraining order issued against them because of accusations of domestic violence. 18 U.S.C. § 922(g)(9). As a result of the TRO issued against Nadolski, officers forced him to surrender or sell his firearms, and Nadolski is unhappy with this. He has failed, however, to name a proper defendant for this claim, and instead he merely requests that the Court "[e]nter an order declaring the Lautner amendment unconstitutional and portions of California law 273.5. The

statues forcing the sale or confiscation of firearms without due process violates the 2nd amendment of the United States." If Nadolski believes his Second Amendment rights have been violated, he must bring a proper claim against the proper defendant, rather than request a declaratory constitutional finding in his prayer for relief.

## IV. Conclusion

Nadolski's complaint fails to state a claim against any of the listed Defendants for which relief may be granted. His claims under 42 U.S.C. § 1983 does not allege any violation of his constitutional rights by Defendants Winchester, Weathersby, Rothman, Asoera, Doe, Macchione, San Diego County, and the Department of Health and Human Services, and even if his complaint were amended to allege more specific facts, his claims would still be barred by the *Rooker-Feldman* Doctrine. Their motions to dismiss are therefore **GRANTED** and Nadolski's claims against these Defendants are **DISMISSED WITH PREJUDICE**. The Superior Court of California is protected by Eleventh Amendment immunity and Judge Pollack and Judge Trentacosta are protected by judicial immunity. Their motions are also **GRANTED** and Nadolski's claims against these Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: August 6, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge