# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NADOLSKI,<br><br>    Plaintiff,<br>    vs.<br><br>MARY WINCHESTER, et al.,<br><br>    Defendants. | CASE NO. 13-CV-2370-LAB-DHB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Plaintiff Joseph Nadolski moves for the Court to reconsider its order dismissing his compliant with prejudice. (Docket no. 38.) The complaint alleged that his constitutional rights were violated during a dispute in family court. It listed ten causes of action under 42 U.S.C. § 1983 against the parties he believes were responsible, almost all of whom were government entities or officials involved in the state court proceedings. (Docket no. 1.)

**I.    Background**

On August 22, 2012, Nadolski's ex-wife obtained a TRO against him in San Diego Superior Court. The TRO restricted Nadolski's contact with his ex-wife and two children. It also required him to surrender his firearms. Nadolski was dissatisfied with this result, and brought this action against the Defendants for the role each played in the family court dispute. For instance, Defendant Judge Gregory Pollack issued the TRO; Defendant Victoria Rothman was the attorney for Nadolski's ex-wife; Defendant Mary Winchester was

an investigator for the U.S. Department of Health and Human Services (also a defendant); and Defendants Asoera and Weathersby allegedly supervised her.

On August 6, 2014, the Court dismissed Nadolski's complaint with prejudice. (Docket no. 35.) The Court determined that the complaint failed to state a claim against any Defendant for which relief may be granted; that the Eleventh Amendment and judicial immunity barred his claims against the Superior Court of California and Judges Pollack and Trentacosta; that his Section 1983 claims did not allege any violation of his constitutional rights by any of the non-judicial defendants; and finally that even if his complaint were amended to allege more specific facts, his claims would still be barred by the *Rooker-Feldman* doctrine. (*See id.*)

## II.    Legal Standard

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter judgment after its entry. Under the Court's Standing Order 4(j), "[m]otions for reconsideration are disfavored unless a party shows there is new evidence, a change in controlling law, or establishes that the Court committed clear error in the earlier ruling." Judgment is not properly reopened "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The requirement of such a showing is a "high hurdle" and the court will not reopen a judgment "absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Additionally, a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Because Nadolski is proceeding *pro se*, the Court construes his pleadings liberally, and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Of course, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

## III.     Discussion

Nadolski concedes in his motion that the Court properly dismissed his claims against Judge Pollack, Judge Trentacosta, and the Superior Court of California. (Docket no. 38, Motion for Reconsideration at 1-2.) He moves for reconsideration based on the dubious proposition that his concession renders the *Rooker-Feldman* Doctrine inapplicable, but he does not provide any analysis to support such a conclusion. (*Id.* at 2.) The Court's dismissal order explicitly held that the doctrine bars all of his claims, not just those against the Superior Court and its judges. (*See* Docket no. 35 at 6.)

Nadolski's motion does not cite any newly discovered evidence, clear error, or intervening change in controlling law. In fact, except for citing the settled legal standards for evaluating a motion to dismiss (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) and an equal protection claim (*City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985)), the motion doesn't cite controlling law of any kind, much less any intervening change in law that would undermine the Court's judgment. Instead, the motion merely reiterates Nadolski's allegations and restates his entitlement to relief. (*E.g.*, Mot. at 2 ("I will restate my claim . . . .").) The facts presented in his motion are not offered as newly discovered evidence, but rather as a simple retelling of the same claims that the Court already dismissed. These are not proper grounds for reconsideration. *See 389 Orange St.*, 179 F.3d at 665.

Even if Nadolski could provide new, enhanced factual detail for his conclusory allegations, it would not overcome the larger, jurisdictional problems that undermined his complaint. The Court determined that the *Rooker-Feldman* doctrine barred all of Plaintiff's claims for damages and injunctive relief because they were based on the outcome of proceedings in San Diego Superior Court. (*See* Docket no. 35 at 6.) The Court also held that Nadolski's claims against Defendants Rothman, Winchester, and HHS were not cognizable under Section 1983. (*See id.* at 5.) As a result, Nadolski's proposed amendments would be futile, and this is precisely why the Court dismissed them with prejudice. *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although

there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal." (citations omitted)). Nadolski's claims are barred no matter how well he can pleads his facts or prove them. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003).

**IV. Conclusion**

Nadolski does not cite any new evidence, a change in controlling law, or clear error in the Court's earlier ruling. *See 389 Orange St.*, 179 F.3d at 665. He does not overcome the "high hurdle" required to amend a judgment under Rule 59(e). *Weeks*, 246 F.3d at 1236. The Court **DENIES** Nadolski's motion for reconsideration.

**IT IS SO ORDERED**.

DATED: November 21, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge